# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONALD SATISH EMRIT,**

    **Plaintiff,**

vs.                                                      Case No. 4:24cv007-AW-MAF

**SEAN "P.DIDDY" COMBS,**
**BAD BOY ENTERTAINMENT,**
**and ATLANTIC RECORDS,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se, initiated this case by submitting a complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Good cause having been shown, the motion is granted. Plaintiff is not required to pay the filing fee for this case.

Plaintiff's complaint has been reviewed to determine if it is sufficient for service. That review leads to the conclusion that it is not, for multiple reasons.

Plaintiff's complaint is brought against three Defendants. ECF No. 1. However, none of the parties reside within the Northern District of Florida. Plaintiff is a resident of Sarasota, Florida, which is within the jurisdiction of the Middle District of Florida. Plaintiff has not provided addresses for any of the Defendants to demonstrate that venue is proper in this District. Furthermore, even if the Defendants were residents of the State of Florida, there are no factual allegations alleged which show why this case has been filed in this Court. No actions complained about in Plaintiff's complaint describe events which transpired in the State of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). The complaint is insufficient to demonstrate that venue is appropriate in this Court under any of those provisions.

Beyond the fact that venue is not appropriate in this Court, judicial notice is taken that Plaintiff has already filed this same complaint in the United States District Court for the District of Delaware. Plaintiff initiated case number 1:24cv17-MN in that court on January 8, 2024, just two days

before he filed this case in this Court.  Plaintiff was granted in forma pauperis status in case number 1:24cv17-MN on January 16, 2024, *see* ECF No. 4, but no other orders have yet been entered in that case.

A plaintiff cannot simultaneously litigate the same case in two different courts.  Plaintiff is aware of this rule because he has been declared a vexatious litigant and has filed multiple cases against the same Defendants in multiple courts in the past.[1]  Emrit v. Devos, No. 1:20-CV-34-AW-GRJ, 2020 WL 1669872, at *2 (N.D. Fla. Mar. 4, 2020), report and recommendation adopted, No. 1:20-CV-34-AW-GRJ, 2020 WL 1668050 (N.D. Fla. Apr. 3, 2020), *aff'd sub nom.* Emrit v. Sec'y, United States Dep't of Educ., 829 F. App'x 474 (11th Cir. 2020) (finding it "clearly improper and an abuse of the judicial process to pursue identical claims in multiple jurisdictions"); Emrit v. Universal Music Grp., No. 3:19-CV- 05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), report and

---

[1] *See, e.g.*, Emrit v. Trump, 2019 WL 935028, at *1 (S.D. Ohio Feb. 26, 2019) (declaring Ronald Satish Emrit "a harassing and vexatious litigator" and enjoining him fro, "filing any additional complaints in the Southern District of Ohio which have not first been certified to have been filed in the correct venue by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee"); *see also* Emrit v. Universal Music Grp., No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), report and recommendation adopted, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) (dismissing plaintiff's complaint "as frivolous and malicious as it is part of Plaintiff's ongoing and persistent pattern of abusing the IFP privilege by filing vexatious, harassing, and duplicative lawsuits").

recommendation adopted, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) (dismissing plaintiff's case under the "first-to-file rule" and noting that plaintiff filed his case in the District of Washington within a week of initiating the "same lawsuit by filing the same complaint, naming the same Defendants, in both the Central District of California and the Middle District of Florida").

This case is barred by the "first-filed rule" which "provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) (cited in Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 78 (11th Cir. 2013)).  As applied in the Eleventh Circuit, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel, 430 F.3d at 1135 (citations omitted) (quoted in Collegiate Licensing Co., 713 F.3d at 78.  Here, Plaintiff's case in this Court, filed two days after the identical case was filed in Delaware, offends the "first-filed rule."  This case should be dismissed.  If Plaintiff has a valid claim against

any named Defendant, the District Court in Delaware is more than able to adjudicate Plaintiff's claims.

## ORDER GRANTING IN FORMA PAUPERIS

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **GRANTED** and he is not required to pay the filing fee for this case.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** under the "first-filed rule" because it is duplicitous of a case Plaintiff previously filed in the United States District Court of the District of Delaware.

**IN CHAMBERS** at Tallahassee, Florida, on February 1, 2024.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R.**

Case No. 4:24cv007-AW-MAF

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**